STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-04-38
PÆF - /o/K - 10/29/2004

JOHN IOZZA,

       Plaintiff

   v.

INHABITANTS OF THE
TOWN OF ACTON,

       Defendant

**DECISION
AND
JUDGMENT**
(TITLE TO REAL ESTATE AFFECTED)

NOV 9 2004

<u>THE PARTIES</u> – The plaintiff is John Iozza of Malden, Massachusetts, who was represented by Attorney Patrick Bedard of Eliot, Maine.

The defendant is the Inhabitants of the Town of Acton. The town was represented by Attorney Leah Rachin of Kennebunk, Maine.

<u>DOCKET NUMBER</u> – The docket number is RE-04-38.

<u>NOTICE</u> – All parties have received notice of the proceedings in accordance with the applicable provisions of the Maine Rules of Civil Procedure.

<u>THE REAL ESTATE</u> – The real estate is described in Acton Tax Map 7, Lot 012001000 also described as Tax Map 7, Lot 12-1.

On or about September 2000, the Town sent the plaintiff his 2001 property tax bill which was not paid in a timely fashion. The Town sent a proper notice to the plaintiff which complied fully with the requirements of 36 M.R.S.A. §942. When the plaintiff still failed to pay within the 30-day period contained in the notice, a tax lien certificate was filed with the York County Registry of Deeds. Pursuant to Maine law another notice is required in order to foreclose on the tax lien mortgage that was created. See 36 M.R.S.A. §943. This suit involves a complaint for declaratory judgment challenging the

validity of the final notice and seeking a declaratory judgment that the plaintiff is still the owner of his property.

The statute requires that, "The municipal treasurer shall notify the party named on the tax lien mortgage ... not more than 45 days nor less than 30 days before the foreclosing date of the tax lien mortgage, in a writing signed by the treasurer or bearing the treasurer's facsimile signature ... of the impending automatic foreclosure and indicating the exact date of foreclosure." 36 M.R.S.A. §943, fifth paragraph. The parties agree that the notice was sent 29 days before the automatic foreclosing date.

To date Mr. Iozza has not paid his taxes, owes other taxes, has been given opportunities to regain his property and has not met the conditions necessary to reacquire the property. The question, however, is whether the failure to fully meet the statutory requirements is excusable.

The Town first argues that the final sentence of the fifth paragraph of 36 M.R.S.A. §943 cures the defective notice. That sentence states, "If notice is not given in the time period specified in this section to the party named on the tax lien mortgage ..., the person not receiving timely notice may redeem the tax lien mortgage until 30 days after the treasurer does provide notice in the manner specified in this section." This section does not, as the Town suggests, just extend the foreclosure deadline by a day to make up for the shortened notice. It does, however, allow the Town to send a proper notice and start over because only then will the treasurer have provided "notice in the manner specified in this section."

The Town's additional argument that there is an additional three month period to redeem, which would have long expired, is not correct because this three month extension refers to defects related to the Section 942 tax lien mortgage not the Section 943 foreclosure of the mortgage.

2

The final arguments are that the second notice may not be constitutionally required and actual receipt of the notice is not always required. See *Cummings v. Town of Oakland*, 430 A.2d 825 (Me. 1981). This case does not deal with the receipt of a notice or what rights the United States Constitution affords. Rather it is a question of what the Maine legislature has mandated. Here the Town acted in good faith and almost met the statutory requirements. However, since the notice was sent a day late the tax lien mortgage was not validly foreclosed and the plaintiff still owns his property.

The entry is:

Judgment for the plaintiff on the complaint. The plaintiff is the owner of property in Acton, Maine, described at Tax Map 7, Lot 012001000. The plaintiff is responsible for recording a copy of this judgment and paying the appropriate recording fees.

Dated:        October 29, 2004

Paul A. Fritzsche
Justice, Superior Court

The applicable appeal period has expired without action or final judgment has been entered after remand following appeal.

_____                          _____
          Date                                              Clerk

Patrick S. Bedard, Esq. - PL
Leah B. Rachin, Esq. - DEF

3